633 P.2d 444

**STATE of Arizona, ex rel., Frederick S. DEAN, City Attorney for the City of Tucson, Petitioner/Appellant,**

v.

**CITY COURT OF the CITY OF TUCSON, Robert Fleming, City Magistrate, and Mercedes A. DeLoustaunau, Real Party in Interest, Respondents/Appellees.**

No. 2 CA–CIV 3983.

Court of Appeals of Arizona, Division 2.

June 25, 1981.

Rehearing Denied July 29, 1981.

Review Denied Sept. 25, 1981.

---

2. The record shows appellant thought the victim had been convicted of *armed* robbery.

Frederick S. Dean, Tucson City Atty. by Thomas B. Lindberg, Tucson, for petitioner/appellant.

Gonzales & Villarreal, P. C. by Stephen C. Villarreal, Tucson, for respondents/appellees.

## OPINION

HOWARD, Judge.

Does the Tucson City Court have jurisdiction to try a shoplifting case which has been designated a misdemeanor? We hold that it does.

The real party in interest, Mercedes A. DeLoustaunau, was arrested for shoplifting items alleged to be worth $113 from Levy's Department Store in Tucson. Pursuant to A.R.S. § 13–1805, the offense was alleged as a class 6 felony. The felony was later dismissed by the Pima County Attorney who signed a felony waiver pursuant to A.R.S. § 13–702(G), designating the offense as a misdemeanor and authorizing the Tucson City Attorney to file appropriate charges.

A complaint was filed in Tucson City Court charging the real party in interest with a violation of A.R.S. § 13–1805, a class 1 misdemeanor, for shoplifting various items from Levy's valued at $113.77.

Upon motion of the real party in interest, the complaint was dismissed in the city court on the grounds that it had no subject matter jurisdiction due to the allegation that the value of the items taken exceeded $100.

The city filed a special action in the superior court which resulted in an order affirming the city court's dismissal.

The jurisdiction of our municipal courts is set forth in A.R.S. § 22–301.[1] Paragraph 4 of this statute states that the justice of the peace courts have jurisdiction over:

"Misdemeanors and criminal offenses punishable by a fine not exceeding one thousand dollars, or imprisonment in the county jail not to exceed six months, or by both such fine and imprisonment . . . ."

Shoplifting property with a value of more than $100 but not more than $1,000 is a class 6 felony. A.R.S. § 13–1805(F). A.R.S. § 13–702(G) states:

". . . When a crime of public offense is punishable in the discretion of the court, by a sentence as a class 6 felony or a class 1 misdemeanor, the offense shall be deemed a misdemeanor if the prosecuting attorney:

\* \* \* \* \* \*

(2) Files a complaint in justice court or magistrate court designating the offense as a misdemeanor within the jurisdiction of the respective courts; . . ."

The complaint was filed in city court as a class 1 misdemeanor which bears a maximum fine of $1,000 and/or six months in jail. See A.R.S. § 13–802(A) and § 13–707. It is clear that the offense is within the jurisdiction of the city court.

---

1. The city court has jurisdiction concurrently with the justices of the peace. See A.R.S. § 22–402(B).

The order of the superior court dismissing the special action is reversed with directions that the superior court enter an order vacating the dismissal of the action in the city court and reinstating the complaint therein.

HATHAWAY, C. J., and BIRDSALL, J., concur.